UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO SANCHEZ DE TAGLE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>Defendants. | Case No. 24-cv-07174-PCP<br><br>**ORDER GRANTING DEFENDANT VIBOL THONG'S MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Re: Dkt. No. 18 |

Self-represented plaintiff Orlando Sanchez de Tagle brings one claim for unlawful arrest against defendants County of Santa Clara and "Deputy Thong 1985," or Deputy Vibol Thong, arising from an interaction with Thong on a VTA train platform. Thong moves to set aside the entry of default against him. For the reasons below, the Court grants Thong's motion.

## BACKGROUND

Plaintiff initiated this action, Dkt. 1, then filed a first amended complaint. Dkt. 8. After the Court granted plaintiff's application to proceed *in forma pauperis*, the Clerk of Court requested the defendants' addresses in order to serve the summons and complaint. Dkts. 9, 10. Plaintiff filed a response providing Thong's address as 55 W. Younger Ave., San José, Dkt. 11, which the Clerk included on the summons issued for Thong. Dkt. 12-3. But the executed summons indicates that the U.S. Marshals Service served the summons for Thong on an individual named Dina Garcia at 70 W. Hedding St., San José. Dkt. 13. Upon plaintiff's motion, the Clerk entered default against Thong. Dkts. 14, 15, 16. Plaintiff thereafter filed a proof of service of the entry of default on the County Sheriff's Department and Transit Sheriff. Dkt. 17.

Thong now moves to set aside the entry of default. Dkt. 18 (Mot.). Plaintiff opposes. Dkt. 19 (Opp'n).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for good cause. Courts consider three factors to determine good case: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up). A court may refuse to set aside entry of default if it finds any of these factors is present—i.e. that the defendant engaged in culpable conduct, lacks a meritorious defense, or relief would prejudice the plaintiff. *Id.* The court's discretion as to whether the moving party establishes good cause "is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). Because "a case should, whenever possible, be decided on the merits," *Mesle*, 615 F.3d at 1091 (citation omitted), "[w]here timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of" setting aside the default. *Mendoza*, 783 F.2d at 945–46 (citation omitted).

**ANALYSIS**

The three *Mesle* factors establish good cause to set aside the entry of default against Thong in order to resolve Plaintiff's claim on the merits.

**I.     THONG DID NOT ENGAGE IN CULPABLE CONDUCT**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092. A "conscious choice not to answer" a complaint is not enough; "the movant must have acted with bad faith." *Id.*

Thong's declaration and the executed service of summons demonstrate Thong did not receive actual or constructive notice of this action. Plaintiff told the Clerk that Thong should be served at 55 W. Younger Ave. The summons for Thong was instead served at 70 W. Hedding St. Thong attests that his work address is 55 W. Younger Ave., not 70 W. Hedding St. Dkt. 18-1 (Thong Decl.) ¶¶ 3–4. Thong further attests that he was never personally served with the summons and complaint, never received copies of these documents after service, and did not intentionally

2

1  fail to answer. Thong Decl. ¶¶ 3–5. According to Thong, he only learned of this action on October
2  3, 2025, when service of the Clerk's entry of default arrived by mail at his work address at 55 W.
3  Younger Ave. Thong Decl. ¶ 4. Thong filed this motion a week later.
4        Plaintiff argues Thong was aware of the summons because Garcia, who accepted service,
5  knew it had to get to Thong, who "chose not" to respond. Opp'n 3–4. Because the summons was
6  served at an address other than the one provided by plaintiff, the Court is not persuaded Thong
7  ever received or was aware of this action before October 3, 2025. Moreover, even if Garcia was an
8  appropriate agent to accept service on Thong's behalf, which he disputes, nothing suggests
9  Thong's failure to answer the complaint amounted to bad faith. Thong Decl. ¶ 3 ("[N]or is Ms.
10 Garcia in my chain of command … nor did I authorize Ms. Garcia to accept service on my
11 behalf."); *see Operating Engineers' Health & Welfare Tr. Fund for N. California v. Vortex*
12 *Marine Constr. Inc.*, No. 17-cv-03614-KAW, 2018 WL 1993392, at *3 (N.D. Cal. Apr. 27, 2018)
13 ("While Defendant's officer did receive the summons and complaint prior to the entry of default, it
14 appears that Defendant's failure to respond was due to a breakdown in internal communications
15 rather than a deliberate decision not to answer with the 'intention to take advantage of the
16 opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal
17 process.'"). Thong's timely filing of this motion after he received notice of the entry of default
18 further evidences he did not intend to interfere with the judicial process.
19       Thong therefore did not engage in culpable conduct.
20 **II.   THONG RAISES A MERITORIOUS DEFENSE**
21       "A defendant seeking to vacate a default judgment must present specific facts that would
22 constitute a defense. But the burden on a party seeking to vacate a default judgment is not
23 extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citation omitted). A defendant need only "allege
24 sufficient facts that, if true, would constitute a defense." *Id.*
25       Plaintiff's first amended complaint alleges a 42 U.S.C. § 1983 claim of unlawful arrest
26 against Thong for detaining and arresting him for using his bike on a VTA station platform in
27 violation of posted rules, even though he was walking his bike and no signs indicated he could not
28 use his bike on the platform or in the elevator. Dkt. 8. Thong argues that the sparse allegations of

the first amended complaint raise a question of whether Thong merely engaged in a consensual encounter by speaking with plaintiff at the station as part of his patrol duties. Mot. 4; Thong Decl. ¶ 6 ("I … enforce VTA policies and procedures regarding, among other things, the ingress and egress of passengers …, including asking them not to ride their bicycles on train platforms."). Thong also argues that any temporary seizure was reasonable under the Fourth Amendment "to ascertain whether Plaintiff was in violation of the VTA policies and procedures regarding bicycles." Mot. 5. Thong's arguments establish "legally cognizable defenses" as to the sufficiency of the complaint, *Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-cv-00602-NC, 2014 WL 1724850, at *3 (N.D. Cal. Apr. 29, 2014), and raise factual questions that "go to the merits of the case, and should not be decided on a motion to set aside default." *Operating Engineers'*, 2018 WL 1993392, at *4.

### III. PLAINTIFF WOULD NOT BE PREJUDICED BY THE RELIEF

Prejudice occurs when a plaintiff's ability to pursue his claim would be hindered by setting aside the entry of default. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.*

Plaintiff does not argue he would be prejudiced by setting aside the entry of default, and the Court does not conclude he would be. The County has not yet appeared in this matter, and no answers or motions have been filed. There is no reason to believe the delay here would result in a "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.*

In sum, the three *Mesle* factors establish good cause to set aside the entry of default against Thong under Rule 55(c).

### CONCLUSION

Thong's motion to set aside the entry of default is granted. The Clerk of Court is directed to set aside the entry of default against Thong. Thong must file a response to the first amended complaint by January 30, 2026.

**IT IS SO ORDERED.**

Dated: December 30, 2025

P. Casey Pitts
United States District Judge